**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
YESENIA ARIZA, et al.,

                Plaintiffs,          **MEMORANDUM AND ORDER**

      -against-                          17-CV-5216 (PKC)

**LUXOTTICA RETAIL NORTH AMERICA,**

                Defendant.
-----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

The Court has conducted a further *in camera* review of the disputed documents withheld or redacted by defendant on privilege grounds, see generally Unredacted Document[s] for In Camera Inspection (Apr. 10, 2019), Electronic Case Filing Docket Entry ("DE") #113, aided now by revised cover sheets listing the Control Numbers that correspond to the document numbers on the privilege log, see Exhibit 39, DE #101-3 at 150-182, and by defendant's list of titles for the individuals whose names appear on those documents, see Cover Letter, DE #113. Based on that examination, the Court concludes that defendant has failed to sustain its burden of establishing the applicability of the claimed privilege(s) with respect to the following documents:

REV00018591 (and REV00018618, a duplicate copy): This chart was withheld in its entirety based on defendant's assertion of attorney-client privilege and attorney work product. The chart was created by and obtained from the files of non-attorney Mike Smith. While defendant's privilege log describes the chart as "showing claim and legal advice or support," defendant has not submitted any declaration describing the circumstances under which the chart was created. Therefore, the Court overrules defendant's assertion of privilege except to the

extent that portions of the chart specifically reference legal advice or support; such portions may be redacted.

REV00021882 (LC_059010): Defendant produced this spreadsheet in redacted form, claiming that the redacted portion "outlin[es] legal review of claim support" and is protected from disclosure as an attorney-client communication. According to the privilege log, the spreadsheet was created by non-attorney Jeffrey DeNardi and was obtained from the files of non-attorney Cyndy Dinius. Again, defendant has proffered no evidence concerning the facts surrounding the creation of this document. Based on its *in camera* review of the spreadsheet, the Court concludes that defendant has over-redacted the document to eliminate references to claim support review other than by counsel. Defendant is directed to reduce the redaction of this spreadsheet accordingly.

Defendant shall promptly disclose to plaintiffs each of the above documents in a redacted form consistent with this Court's ruling.

**SO ORDERED.**

**Dated:** Brooklyn, New York
April 16, 2019

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**